IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICKY MCLEOD<br>Plaintiff<br><br>vs.<br><br>JC PENNEY COMPANY, INC.<br>Defendant | §<br>§<br>§<br>§    CIVIL ACTION NO. _____<br>§         Jury Demanded<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Vicky McLeod ("Plaintiff") complaining of and about Defendant JC Penney Company, Inc. ("Defendant") and for cause of action shows the Court the following:

### PARTIES

1. Plaintiff is a citizen of the State of Texas and resides in Harris County, Texas.

2. Defendant is a Delaware corporation with a principal place of business in Harris County, Texas. Defendant may be served with process by serving its registered agent at CT Corp System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant has a principal place of business in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston division of the Southern District of Texas.

### NATURE OF ACTION

4. This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 *et seq.*, as amended by the Civil Rights Act of 1991 ("ADEA"), to correct unlawful employment practices on the basis of age.

### CONDITIONS PRECEDENT

5. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

### FACTUAL BACKGROUND

6. Plaintiff gave six years of dedicated and diligent service to Defendant, as evidenced by her promotions and exemplary performance reviews; nevertheless, on April 2, 2011, Defendant terminated Plaintiff's employment in violation of the ADEA.

7. In or around January 26-27, 2011, Plaintiff's Store Manager, Lamont Buckner ("Buckner"), and Assistant Store Manager, Ruben Perez ("Perez"), attended the JC Penney Store Manager Leadership Conference in Plano, Texas. When Buckner and Perez returned from the conference, they held an impromptu, closed-door meeting with Plaintiff in Perez's office. In the meeting, Buckner and Perez explained that the company was going in a new direction. Specifically, they stated that the company's target customer was changing from a thirty-five- to forty-year-old female customer to a "younger, more hip" customer in the twenty-five- to thirty-five-year-old range. According to both Buckner and Perez, the environment in the store needed

2

to change to reflect a "younger, edgier feel" and attract the younger customer target. Subsequently, on or about February 28, 2011, Buckner met with Plaintiff in his office and advised her that Defendant was terminating her employment, effective April 1, 2011.

8. Plaintiff has a Bachelors degree in Management Information Systems and has completed one year of study in the Masters of Business Administration program at University of Houston. Before her employment began with Defendant in 2005, she owned and operated her own retail store, Hydro Sports, for eight years. She was responsible for all aspects of business operations, including buying, advertising and marketing, inventory, sales, and merchandising. In fact, Hydro Sports carried some of the same brands that Defendant carries in its stores.

9. Throughout her tenure, Plaintiff always demonstrated great flexibility and a strong willingness to do what was best for the company. That flexibility and willingness is evidenced by the fact that Plaintiff graciously agreed to transfer from store-to-store and serve in whatever position that Defendant desired. Plaintiff assisted with the closing and liquidation of a store in Texas City, Texas, and Plaintiff transferred back-and-forth between stores in League City, Texas and Friendswood, Texas. She served in the following positions during her employment with Defendant: (a) Sales Support Assistant, (b) Customer Service Associate, (c) Selling Specialist in the Window Coverings Department; (d) Department Supervisor in the Home Department; (e) Department Supervisor in the Men's Department; and (f) SET Execution Supervisor in the Merchandising Department. At the time of Plaintiff's termination, she was the SET Execution Supervisor at Store No. 1128 in League City.

10. Given the array of experience that Plaintiff acquired working in retail generally and working in various positions for Defendant specifically, Plaintiff could perform the job

functions of nearly every position in the store. Yet Defendant made no attempt whatsoever to place Plaintiff in another position when it terminated her employment. Approximately one week before Defendant terminated Plaintiff's employment, Defendant deactivated the Career Center page on its website, which is where Defendant posts vacant positions. The Career Center page remained deactivated for some time. While the Career Center page was deactivated, Defendant posted several jobs on third-party career websites, including a Visual Merchandising position that was posted on April 4, 2011, on allretailjobs.com for Store No. 1128. The Visual Merchandising position had the some of the same job functions that Plaintiff previously performed as SET Execution Supervisor.

11. Before Plaintiff's termination, Defendant hired a younger employee named Daniel, who was introduced to Plaintiff as a Management Intern. On information and belief, Daniel was in his late twenties or early thirties. At that time, Plaintiff had two subordinates, one full-time employee and one part-time employee. The part-time employee worked a miniscule amount of hours—*i.e.*, less than fifteen hours per week. Joalyse Tholen ("Tholen") was the full-time employee and served in the position of Visual Specialist. At that time, Tholen was twenty-three years old. In or around March 2011, Tholen asked Daniel when he was going to give her performance review because employees' performance reviews impact their annual pay raise. Daniel told Tholen that a review was unnecessary because he had an offer for her but that he had to wait until Plaintiff was gone before he could give her that offer.

12. On information and belief, the vacant Visual Merchandising position was filled by Tholen. Defendant also hired at least two more employees to do visual merchandising. At the time of their hiring, these employees were approximately in their early twenties. Shortly after

4

Defendant reactivated the Career Center page, Defendant posted a Visual Supervisor position, which was also filled by a younger employee. On information and belief, Defendant's costs to conduct visual merchandising at Store No. 1128 increased by hiring the aforementioned additional employees and terminating Plaintiff's employment.

13. In addition, there were other vacant supervisory positions in Store No. 1128 at the time that Defendant terminated Plaintiff's employment, including Department Supervisor in the Children's Department and Department Supervisor in the Women's Accessories Department. Both of these positions were filled by younger individuals.

14. Defendant terminated another individual's employment at Store No. 1128 at the same time that it terminated Plaintiff's employment, Jean Mark. Like Plaintiff, Jean Mark was in her fifties.

15. The facts and circumstances surrounding the termination of Plaintiff's employment are nearly identical to the facts and circumstances surrounding the termination of the SET Execution Supervisor, Dorothy, at the Friendswood store. Dorothy was approximately in her fifties. Shortly before her termination, Defendant hired a Management Intern, who was in his twenties. Analogous to Plaintiff's situation, all visual merchandising employees hired at the Friendswood store after the termination of Dorothy's employment were younger than Dorothy.

## AGE DISCRIMINATION

16. Plaintiff hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

17. Defendant discriminated against Plaintiff in connection with the terms, conditions, and privileges of her employment and/or limited, segregated, or classified Plaintiff in

a manner that deprived or tended to deprive her of an employment opportunity or adversely affected her status. Specifically, Defendant terminated Plaintiff's employment.

18. During the relevant time period, Plaintiff was a member of a protected class in that Plaintiff was over forty years of age.

19. Although Defendant terminated Plaintiff's employment, Plaintiff was performing her job duties at or above Defendant's expectations and was qualified for several positions.

20. Defendant replaced Plaintiff with an individual that was younger than Plaintiff, and Defendant treated individuals who were younger than Plaintiff more favorably than Plaintiff was treated.

21. Defendant engaged is this discriminatory conduct because of Plaintiff's age, which is a violation of the ADEA.

## DAMAGES

22. As a result of the aforementioned discriminatory conduct, Plaintiff seeks the following damages:

   a. Back pay;

   b. Loss of benefits;

   c. Loss of earning capacity;

   d. Reinstatement, or in the alternative, front pay;

   e. Emotional distress and mental anguish;

   f. Inconvenience;

   g. Loss of enjoyment of life;

   h. Punitive damages;

i. All costs expended to make Plaintiff whole, including, but not limited to, costs associated with the EEOC process, costs to pursue this lawsuit, and expert fees;

j. Reasonable and necessary attorneys' fees; and

k. Prejudgment and post-judgment interest.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Vicky McLeod respectfully prays that Defendant be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of this Court, which shall include all aforementioned damages and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Alfonso Kennard, Jr.
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No: 713316
KENNARD LAW P.C.
150 West Parker Road, Fourth Floor
Houston, Texas 77076
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**

Myron May
Texas Bar No. 24070228
Southern District Bar No. 1075774
KENNARD LAW P.C.
150 West Parker Road, Fourth Floor
Houston, Texas 77076
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
myron.may@kennardlaw.com