# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| VICKY MCLEOD | § | |
|     **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:12-cv-02237** |
| | § | |
| | § | **Jury Demanded** |
| JC PENNEY COMPANY, INC. | § | |
|     **Defendant** | § | |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**ATTORNEY-IN-CHARGE
FOR PLAINTIFF**



Terrence B. Robinson
Texas Bar No.: 17112900
Southern District Bar No.: 14218
Kennard, Blankenship & Robinson, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Terrence.Robinsn@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF:**



Brian J. Levy
Texas SBN: 24067728
Southern District Bar  No.: 1109283
Kennard, Blankenship & Robinson, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Brian.Levy@kennardlaw.com

# I.   TABLE OF CONTENTS

I.   Table of Contents ........................................................................................................................... 3

I.   Introduction & Summary ............................................................................................................. 1

II.   Statement of Facts ...................................................................................................................... 2

   A.   McLeod's Employment History with JCP ................................................................................ 2

   B.   JCP's Strategic Plan to Attract a Younger (25-44 year old) Customer Base ...................... 4

III.   Argument & Authorities ............................................................................................................. 6

   A.   JCP Failed to Meet the Summary Judgment Standard .......................................................... 7

   B.   Plaintiff's burden of proof is less stringent under a RIF framework than under a traditional McDonnell Douglas standard .......................................................................................................... 7

   C.   The Court should deny JCP's Motion for Summary Judgment because the company failed to meet its initial summary judgment burden to show that it is entitled to judgment as a matter of law .......... 9

      a.   McLeod was replaced by someone younger ........................................................... 11

      b.   McLeod was qualified for a remaining position ...................................................... 12

   D.   Defendant's proffered "legitimate non-discriminatory reason" is pretext ..................... 14

IV.   Conclusion ................................................................................................................................. 18

V.   Prayer ....................................................................................................................................... 18

## <u>Table of Authorities</u>

## Cases

*Amburgey v. Corhart Refractories Corp.*, Inc., 936 F.2d 812 (5th Cir. 1991) (emphasis added)...........8, 10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................7, 10

*Frankel v. Peake*, CIV. 07-3539(WJM), 2009 WL 3417448 (D.N.J. Oct. 20, 2009) ................................15

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)..................................................7, 10, 11

*Long v. Eastfield Coll.*, 88 F.3d 305 (5th Cir. 1996)........................................................8

*Machinchick v. PB Power, Inc.*, 398 F.3d 345 (5th Cir. 2005)................................................15

*Manning v. Chevron Chem. Co.*, 332 F.3d 874 (5th Cir. 2003)..................................................9

*Molnar v. Ebasco Constructors, Inc.*, 986 F.2d 115 (5th Cir.1993) ........................................10

*Moss v. BMC Software, Inc.*, 610 F.3d 922 (5th Cir. 2010)....................................................8

*N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996) ..................................7

*Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 41 (5th Cir. 1996)..........................................8, 10

*Patrick v. Ridge*, 394 F.3d 311 (5th Cir. 2004)..............................................................9

*Peterson v. Bell Helicopter Textron, Inc.*, No. 4:10-CV-365-Y, 2012 WL 4739951, at *5 n. 6 (N.D. Tex. Oct. 3, 2012) ..............................................................................................8

*Powell v. Dallas Morning News, L.P.*, 776 F.Supp.2d 240 (N.D. Tex. 2011)..................................9

*Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133 (2000)....................................................14

*Sanders-Burns v. City of Plano*, 594 F.3d 380 (5th Cir. 2010)................................................7

*Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893 (5th Cir. 2002)......................................14, 15

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)........................................................9

*Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 642 (5th Cir. 1985).................................9, 10

*Williams v. General Motors Corp.*, 656 F.2d 120 (5th Cir. 1981), *cert. denied*, 455 U.S. 943 (1982) ........9

*Woodhouse v. Magnolia Hosp.*, 92 F.3d 248 (5th Cir.1996) ................................................10

## Statutes

29 U.S.C. §623..............................................................................................1

## Rules

Fed. R. Civ. P. 56......................................................................................8, 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VICKY MCLEOD** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:12-cv-02237** |
| | § | |
| | § | **Jury Demanded** |
| **JC PENNEY COMPANY, INC.** | § | |
| **Defendant** | § | |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Vicky McLeod ("Plaintiff" or "McLeod") respectfully requests the Court to deny Defendant J.C. Penney Company, Inc.'s ("Defendant," "JCP" or the "Company") Motion for Summary Judgment. In support, Plaintiff shows the Court as follows:

### I. INTRODUCTION & SUMMARY

1.      Plaintiff sued Defendant for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").[1]  Defendant alleges that Plaintiff's employment was terminated, not because of her age, but because she was included in an alleged "reduction-in-force" ("RIF").

2.      Defendant filed a Motion for Summary Judgment wrongly claiming that no genuine issue of material fact exists and that Defendant did not discriminate against Plaintiff. In reality, Defendant's misstatements and nebulous assertions demonstrate that *genuine issues of material fact do exist* and that such factual disputes are within the province of the jury to decide.

3.      Further, Defendant incorrectly asserts that Plaintiff's employment was terminated as part of a RIF, and as such, sets forth the incorrect legal standard.  The standard courts use to evaluate

---

[1] Doc. 1; 29 U.S.C. §623, et seq.

a RIF claim differs from the standard courts use to evaluate a traditional ADEA claim. Defendant's motion lacks merit under either standard.

4.     Additionally, Defendant's argument that even if it unlawfully terminated Plaintiff's employment on April 1, 2011, that it would have terminated her employment approximately three (3) months later is not only irrelevant, but also further demonstrates the existence of a genuine issue of material fact to the extent that JCP admits that it unlawfully terminated McLeod's employment on April 1, 2011. JCP cannot escape liability for Plaintiff's illegal termination by claiming Plaintiff's employment may have ended anyway within three months. Such an argument can only be relevant to damages, if at all, not to liability as the Defendant proposes.

5.     Defendant's Motion for Summary Judgment and the relief prayed for therein should be wholly denied because (1) Defendants fails to meet its initial summary judgment burden, regardless of which standard is applied, because it has not shown that it is entitled to judgment as a matter of law, and (2) a myriad of genuine issues of material fact exist for a jury to decide.

## II.     STATEMENT OF FACTS

6.     JCP claims that McLeod was laid off as part of a RIF.[2]  However, the uncontroverted evidence demonstrates that it terminated her employment as part of a reorganization, which was designed for the directly age related purpose of "accelerating growth among a younger (25-44 year old) customer base."[3]

### A.  McLeod's Employment History with JCP

---

[2] Ex. 13, Declaration of Vicky McLeod at ¶ 2.
[3] Ex. 1, JCP's Company News Bulletin.

7.      On August 25, 2005, McLeod began working for JCP as a Sales Support Assistant and continued working for the company until it terminated her employment on April 1, 2011.[4] During those 6 years, she served JCP in the following additional positions: Customer Service Associate, Selling Specialist in the Window Coverings Department; Department Supervisor in the Home Department; Department Supervisor in the Men's Department; and SET Execution Supervisor in the Merchandising Department.[5]

8.      Regardless of her position or title, McLeod was a dedicated and hard-working employee of JC Penney with no history of write-ups or discipline.[6]  She consistently demonstrated flexibility and enthusiasm to do what was best for the company, which was evidenced by the fact that she graciously agreed to transfer from store-to-store and accept any position that JC Penney desired.[7]  Similarly, every performance review *she received,* confirmed that her performance met or exceeded expectations.[8]  Moreover, McLeod always performed her duties well and got along with and was well liked by her coworkers and supervisors.[9]  While JCP claims that McLeod's performance was reviewed in 2011, by its own admission, no such review was ever given to her.[10]  Suspiciously, her prior Performance Reviews were prepared by her Store Manager, Austin Lamont Buckner ("Buckner").  However, the alleged 2011 review was prepared by the Assistant Store Manager, Ruben Perez ("Perez").[11]  The authenticity and credibility of the alleged 2011 review is further undermined by the fact that it was prepared by Perez even though McLeod

---

[4] Ex. 2, Deposition of Vicky McLeod at pp. 32, 67; Ex. 13, Declaration of Vicky McLeod at ¶ 2.
[5] Ex. 3, JCP's Job Summary Report for McLeod; Ex. 13, Declaration of Vicky McLeod at ¶ 2.
[6] Ex. 4, Letter of Recommendation for McLeod from Austin Lamont Buckner, her supervisor at JCP; Ex. 5, Deposition of Austin Lamont Buckner at 63, 132.
[7] Ex. 3, JCP's Job Summary Report for McLeod.
[8] Ex. 6, McLeod's 2009 Performance Review; Ex. 7, McLeod's 2010 Performance Review; Ex. 13, Declaration of Vicky McLeod at ¶ 2.
[9] Ex. 13, Declaration of Vicky McLeod at ¶ 3.
[10] See Ex. 5, deposition of Austin Lamont Buckner, p. 90-91.
[11] Ex. 8, McLeod's alleged 2011 Performance Review.

reported directly to Buckner.[12]   Moreover, the format and grading system is different on the alleged 2011 review than the previous reviews.[13] This final *undelivered* performance review was clearly a part of JCP's overall pre-textual scheme to validate its discriminatory termination.

### B.  JCP's Strategic Plan to Attract a Younger (25-44 year old) Customer Base

9.      In early 2011, McLeod's Store Manager, Lamont Buckner ("Buckner"), and Assistant Store Manager, Ruben Perez ("Perez"), held an impromptu, closed-door meeting with McLeod in Perez's office.[14]  In the meeting, Buckner and Perez explained that the company was going in a new direction.[15]  Specifically, while denied by Defendants, they stated that the company's target customer was changing from a thirty-five to forty-year-old female customer to a "younger, more hip" customer in the twenty-five- to thirty-five-year-old range.[16]  Accordingly, the environment in the store needed to change to reflect a "younger, edgier feel" and attract the younger customer target.[17]  JCP publicized this strategic plan in an April 20, 2010, press release, which stated that the company would focus on "accelerating growth among a younger (25-44 year old) customer base."[18]  In order to attract this younger customer base, JCP initiated the Customer First [Re]organization ("CFO").[19]  Similarly, JCP brought in labels like "Mango," which is "very fashion-forward, obviously targeted towards a younger, trendier customer."[20]

10.     While JCP claims it "does not engage in reorganizations that result in reductions in force to target a specific individual or group of employees," its actions in this instance were by their own admission done with an age-related motivation and its own numbers contradict JCP's claim

---

[12] Ex. 9, SET Execution Supervisor's Job Description.
[13] Ex. 6, McLeod's 2009 Performance Review; Ex. 7, McLeod's 2010 Performance Review; Ex. 8, McLeod's alleged 2011 Performance Review.
[14] Ex. 2, Deposition of Vicky McLeod at pp. 162-67; Ex. 13, Declaration of Vicky McLeod at ¶ 5.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] Ex. 1, JCP's Company News Bulletin.
[19] JCP's Motion for Summary Judgment, Doc. 23 at p. 3.
[20] Ex. 5, Deposition of Austin Lamont Buckner at 119.

that the terminations were not targeted. Specifically, prior to the reorganization, there were fifteen (15) SET Execution Supervisors in JCP's Houston District where McLeod was employed.[21] After the reorganization, every employee outside of the age-based protected class remained employed by JCP while all of the employees over the age of fifty (50) years old, except one, were laid off.[22] Moreover, every employee JCP laid off was over the age of forty (40) years old. The sheer loss in experienced employees versus younger inexperienced employees retained is sufficient to create a fact issue as to JCP's motivation with respect to employee terminations. A fact no more prevalent than the experience level reflected in Plaintiff's employment history versus those retained.[23]

11.    At the same time the CFO eliminated the SET Execution Supervisor position, it created the Merchandise Execution Manager position.[24] Suspiciously, the Merchandise Execution Manager position encompassed all of the same duties performed by Plaintiff as the SET Execution Supervisor.[25] In McLeod's former store, the Merchandise Execution Manager position was given to Daniel Nelson ("Nelson"), a recently hired employee in his late twenties or early thirties.[26] Nelson began working for JCP in October 2010 as a sales manager trainee.[27] Store manager, Austin Buckner admits he made no request for the employment of Mr. Nelson as the store already had another sales manager, Jean Marks, in place in the store.[28] In January 2011, Nelson was promoted to Sales Manager, while an older employee, Jean Marks, was forced to resign as Sales manager.[29] Roughly two (2) months after that, Nelson was again promoted to the

---

[21] JCP's Motion for Summary Judgment, Doc. 23 at p. 8; Ex. 13, Declaration of Vicky McLeod at ¶ 6.
[22] *Id.*
[23] Ex. 12, JCP's Succession Planning Form, which has been filed under seal pursuant to the protective order.
[24] Ex. 5, Deposition of Austin Lamont Buckner at 51.
[25] *Id.* at 46-47, 51.
[26] *Id.* at 54-55.
[27] Ex. 13, Declaration of Vicky McLeod at ¶ 7.
[28] Ex. 5 Deposition of Austin Lamont Buckner at 61; Ex. 13, Declaration of Vicky McLeod at ¶ 7.
[29] Ex. 5, Deposition of Austin Lamont Buckner at 60.

Merchandise Execution Manager.[30]  According to the job description, the Merchandise Execution Manager position required six (6) to ten (10) years of management experience.[31] However, JCP selected Nelson for that position even though he only had approximately two (2) months experience as a Sales Manager and less than six (6) months of total experience with JCP, most of which was as a trainee.[32]  On the other hand, JCP laid off McLeod, as well as, the other Sales Manager, Jean Marks, who were both over 50, despite their more than six (6) years of employment experience with the company.

12.     JCP claims that "there is not a direct correlation between JCP achieving the goal of winning over younger and new customers by getting rid of older employees."[33]  However, the company's actions directly contradict that claim.  Suspiciously, approximately one week before JCP terminated McLeod's employment; it deactivated the Career Center page on its website, which is where vacant positions were posted.[34]  While the Career Center page was deactivated, JCP posted several jobs on third-party career websites, including a Visual Merchandising position, which was substantially similar to McLeod's former position, and was posted on April 4, 2011, on allretailjobs.com for Store No. 1128.[35]  In addition, there was another vacant supervisory position in Store No. 1128 at the time that JCP terminated McLeod's employment.[36] McLeod was qualified for both of these positions; however, they were filled by younger individuals.[37]

### III.     ARGUMENT & AUTHORITIES

---

[30] *Id*. at 55-56.
[31] Ex. 10, Merchandise Execution Manager's Job Description.
[32] Ex. 5, Deposition of Austin Lamont Buckner at 55-56.
[33] Ex. 5, Deposition of Austin Lamont Buckner at 119.
[34] Ex. 2, Deposition of Vicky McLeod at pp. 179-80.
[35] Ex. 11, Job Postings; Ex. 13, Declaration of Vicky McLeod at ¶ 8.
[36] *Id*.
[37] Ex. 2, Deposition of Vicky McLeod at 176-182; JCP's Motion for Summary Judgment at 8.

13.     JCP's motion should be denied because it failed to prove its entitlement to judgment as a matter of law.

## A.  JCP Failed to Meet the Summary Judgment Standard

14.     Summary judgment is proper only in cases where "the record, taken as a whole, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[38]  Specifically, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the *existence of an element essential to that party's case*, and on *which that party will bear the burden of proof at trial*."[39]  A party moving for summary judgment must demonstrate (1) "the absence of a genuine issue of material fact" and (2) that it is "entitled to judgment as a matter of law."[40]  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[41]

15.     Further, in evaluating whether summary judgment is appropriate, the court "views the evidence in light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor."[42]  Here, where there is a reasonable dispute as to the facts, they should be viewed favorably as to McLeod, the nonmovant.  In light of JCP's multitude of self-serving assertions and the contradicting evidence, the company has failed to demonstrate either of the two requisite showings necessary to obtain summary judgment.

## B.  Plaintiff's burden of proof is less stringent under a RIF framework than under a traditional McDonnell Douglas standard

---

[38] Fed. R. Civ. P. 56 (emphasis added); *N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996).
[39] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(emphasis added).
[40] *Id*; Fed. R. Civ. P. 56(a).
[41] *Id.*
[42] *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010).

16.     In its Motion, JCP admits and asserts multiple times that the adverse employment actions it took against McLeod were under the guise of a "RIF."[43]    However, it fails to meet the applicable standard for which it claims it terminated McLeod.  Nonetheless, and regardless of the standard applied, JCP fails to meet its burden, as will be discussed further below. [44]

17.     At the first stage, of either approach (RIF vs. traditional) a plaintiff must introduce evidence to establish each element of his *prima facie* case.[45] Because JCP is attempting to frame this as a RIF age discrimination case, the applicable *prima facie* elements in that particular context, contrary to Defendant's briefing, are actually: "(1) that [plaintiff] was within the protected age group; (2) that [plaintiff] has been adversely affected by the employer's decision; (3) that [plaintiff] was qualified to assume another position at the time of the discharge; and (4) "evidence, **circumstantial or direct**, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.'"[46] These are elements which courts have noted as being "*significantly* less stringent than the standard for establishing but-for causation under the ADEA."[47] Specifically, the fourth element in the RIF context merely requires the plaintiff to produce some evidence that shows the defendant did not treat age neutrally, such as consciously refusing to consider retaining plaintiff and all employees being eliminated being over forty (40) years of age, or otherwise regarding age as a negative factor in

---

[43] Doc. 23, Defendant's Motion for Summary Judgment.
[44] *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (holding that the framework from *McDonnell Douglas* applies to ADEA claim where plaintiff relies on circumstantial evidence).
[45] *Id.*
[46] *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (citing *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991)).
[47] *Peterson v. Bell Helicopter Textron, Inc.*, No. 4:10-CV-365-Y, 2012 WL 4739951, at *5 n. 6 (N.D. Tex. Oct. 3, 2012) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)) (emphasis added). (Only Westlaw citation is currently available, however the opinion itself does not state that it is "not designated for publication.") (emphasis added).

such consideration.[48] This is where the RIF standard is more relaxed than the traditional analysis. Here, it is clear that, at minimum, some evidence exists to show age discrimination, not the least of which is that the reorganization was a sham in that while titles changed, duties remained the same.[49] Additionally, those duties were assigned to younger and significantly less experienced individuals.[50]

18.     Next, under both standards, the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action.[51] After a defendant articulates its reason, a plaintiff has the burden of persuasion in convincing a fact finder that the employer's reason is pretext.

19.     At the pretext stage, "a plaintiff can rebut the legitimacy of a <u>RIF</u> by showing either: (1) the purported RIF is merely a sham or a pretext for age discrimination, or (2) although the RIF is legitimate on its face, the employer implemented it in such a way that age was impermissibly used as a factor to determine which employees were terminated."[52]

### C. The Court should deny JCP's Motion for Summary Judgment because the company failed to meet its initial summary judgment burden to show that it is entitled to judgment as a matter of law

20.     JCP fails to meet its initial summary judgment burden because it has not established that it is "entitled to judgment as a matter of law."[53] Thus, its position is fatal to its motion and it "must be denied" regardless of McLeod's response.[54]

21.     "Plainly, Rule 56 means what it says."[55] Under Rule 56, a court shall grant summary judgment only if: (1) "the movant shows that there is no genuine dispute as to any material fact

---

[48] *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 642 (5th Cir. 1985) (citing *Williams v. General Motors Corp.*, 656 F.2d 120, 129-130 (5th Cir. 1981), *cert. denied*, 455 U.S. 943 (1982)) (emphasis added).
[49] Ex. 12, JCP's Succession Planning Form, which has been filed under seal pursuant to the protective order.
[50] Ex. 12, JCP's Succession Planning Form, which has been filed under seal pursuant to the protective order.
[51] *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003).
[52] *Powell v. Dallas Morning News, L.P.*, 776 F.Supp.2d 240 (N.D. Tex. 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 317 (5th Cir. 2004); *Thornbrough*, 760 F.2d at 645, *abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).
[53] Fed. R. Civ. P. 56.
[54] *Little*, 37 F.3d at 1075.

*and* [2] the movant is entitled to judgment as a matter of law."[56] [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion…"[57] "To be certain, Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[58] However, "[i]f the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[59] Here, the movant has failed.

22.    Under a RIF age discrimination case, McLeod would have the burden of proof as to these elements at trial: (1) she was discharged; (2) she was qualified for another position; (3) she belonged to a protected group of persons at least forty years old; and (4) she was replaced by someone younger, or outside of the protected class, or otherwise discharged because of age.[60] As to the first three elements, it cannot be disputed that McLeod meets her burden. As to the fourth element, at the very least, there is a genuine issue of material fact.

23.    Should this Court determine the "legal standard" applicable to be that of a RIF, then JCP cannot be entitled to summary judgment as a matter of law. Quite simply, the company's Motion is devoid of the requisite proof that it is entitled to summary judgment as matter of law. Accordingly, JCP's Motion "must be denied" on these grounds alone, regardless of McLeod's response.[61]

---

[55] *Id.* (citing Fed. R. Civ. P. 56(c)) (emphasis in original).
[56] Fed. R. Civ. P. 56 (emphasis added); *Celotex*, 477 U.S. at 322.
[57] *Celotex*, 477 U.S. at 322.
[58] *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 322) (emphasis in original).
[59] *Id.*
[60] *Nichols*, 81 F.3d at 41 (citing *Corhart*, 936 F.2d at 812); *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir.1996); *Molnar v. Ebasco Constructors, Inc.*, 986 F.2d 115, 118 (5th Cir.1993); *Thornbrough.*, 760 F.2d at 642.
[61] *Little*, 37 F.3d at 1075.

24.     It is JCP's position that McLeod is not able to make a *prima facie* case because "no evidence exists" that she was replaced by someone younger or that she was otherwise discharged because of her age. Further, JCP argues that because McLeod is not able to establish these elements, that she in turn cannot show she was terminated, "but for" her age. However, Plaintiff has offered substantial evidence that age is the reason her employment was terminated.

### a. McLeod was replaced by someone younger

25.     JCP also contends that McLeod is unable to put forth evidence that she was replaced by someone younger. This is simply untrue. Unlike JCP contends, a genuine issue of material fact does exist as to whether McLeod's position was eliminated. Specifically, neither McLeod nor anyone other than Nelson was even considered for the position and it is questionable whether Nelson was even qualified for the position based on the job description.[62] Moreover, Tholen was offered another position that assumed many of McLeod's remaining duties to the extent that Nelson did not assume those duties.[63] Notably, Tholen was younger and less qualified than McLeod, but was offered a position while McLeod was not.[64] Thus, McLeod can clearly show that she was replaced by someone younger. Accordingly, JCP's assertion that she was not replaced is erroneous and the proposition of law it cites in support thereof, that when a terminated employee's job duties are redistributed between other existing employees, the employee has not been replaced, is inapplicable.[65] While the company entirely misrepresents that the SET Execution Supervisor position was eliminated, Buckner testified that the SET Execution Supervisor and Merchandise Execution Manager basically did the same thing.[66] Additionally, when referring to the organizational structure after the second reorganization in

---

[62] Ex. 5, Deposition of Austin Lamont Buckner at 65-69.
[63] *Id*. at 28-32, 129-132.
[64] *Id*. at 28-32, 129-132.
[65] JCP's Motion for Summary Judgment, Doc. 23 at p. 16.
[66] *Id*. at 50-51.

three (3) months, he said "I'll be honest with you, they were basically new titles…similar roles, but new titles."[67]

26.     Accordingly, McLeod is able to put forth evidence that she was replaced by someone younger because Buckner's testimony establishes that Nelson essentially replaced McLeod as he assumed a position with substantially similar duties to that position from which she was terminated.

### b.  McLeod was qualified for a remaining position

27.     JCP admitted that it filled many available positions, which McLeod was qualified to fill based on her employment history, with younger employees.[68]

| Employee Name | Date of Birth | Age on 4/1/2011 | Store Name | Former Position | CFO Model Position |
|---|---|---|---|---|---|
| Vicky McLeod | 12/20/1956 | 54 | League City | SET Execution Supervisor | None |
| Sarah Wright | 12/20/1984 | 26 | Lake Jackson | SET Execution Supervisor | Visual Specialist |
| Wendy Bonds | 9/8/1969 | 41 | Baytown | SET Execution Supervisor | Merchandise Execution Supervisor |
| Melissa Miles | 3/15/1984 | 27 | Port Arthur | SET Execution Supervisor | Merchandise Execution Supervisor |
| Andret Rayford | 11/9/1957 | 53 | Sugarland | SET Execution Supervisor | None |
| Tammy Lansford | 7/12/1976 | 34 | Humble | SET Execution Supervisor | Diviion 8 (Women's Apparel Supervisor) |
| Shawna Karch | 10/23/1981 | 29 | The Woodlands | SET Execution Supervisor | Sales Manager in Training (in CA) |
| Dorothy Trumble | 2/5/1957 | 54 | Friendswood | SET Execution Supervisor | None |
| Jon Defourneaux | 2/6/1966 | 45 | Houston | SET Execution Supervisor | Replenishment Supervisor |
| Antonetta Griffith | 9/12/1957 | 53 | Pearland | SET Execution Supervisor | Division 8 (Women's Apparel Supervisor) |
| Kayla Brawley | 12/22/1969 | 41 | Pasadena | SET Execution Supervisor | None |
| Lucina Acosta | 6/30/1963 | 47 | Cypress | SET Execution Supervisoror | Visual Specialist |
| Curtis Matheaus | 7/17/1962 | 48 | Rosenberg | SET Execution Supervisoror | Merchandise Execution Supervisor |
| Angela Terrell | 7/12/1975 | 35 | Conroe | SET Execution Supervisoror | Replenishment Supervisor |
| Marissa Rodriguez | 2/9/1986 | 25 | Houston | SET Execution Supervisor | Visual Specialist[69] |

---

[67] *Id.* at 112.
[68] JCP's Motion for Summary Judgment, Doc. 23 at p. 8.
[69] *Id.*

JCP denied her an opportunity to even apply for these positions.[70]  Plaintiff's work history reflects her qualifications for any of these positions.  Indeed JCP does not even challenge the fact that Plaintiff was qualified but contends her performance precluded her consideration.  However, even if JCP's pre-textual assertions as to her performance in the SET Execution position are to be taken as truthful, the company has not met its burden because it failed to provide evidence that McLeod was not qualified to assume any of these positions.[71]  Buckner's testimony creates a fact issue as to whether McLeod's position was eliminated and McLeod produced job postings for open positions for which she was qualified.[72]  Thus, JCP failed to meet its summary judgment burden as a matter of law, and McLeod met her burden to prove the existence of a genuine issue of material fact.

28.     In light of the foregoing, McLeod has provided more than a scintilla of evidence that she was terminated because of her age. And, younger employees were hired for the position she would have been afforded under the reorganization. Per this Circuit's holding in *Machinchick*, the foregoing would be sufficient to survive summary judgment.[73]

29.     JCP also contends that McLeod cannot establish "but-for" causation because her position was eliminated as part of a nationwide reorganization. However, JCP provides no evidence of a nationwide elimination of the position and the only evidence that it produced concerned the SET Execution Supervisor position in the Houston District.  In that regard, JCP's own evidence establishes that prior to the reorganization, there were fifteen (15) SET Execution Supervisors in JCP's Houston District where McLeod was employed.[74]  After the reorganization, every employee outside of the age-based protected class remained employed by JCP while all of the

---

[70] Ex. 5, Deposition of Austin Lamont Buckner at 87.
[71] JCP's Motion for Summary Judgment, Doc. 23.
[72] Ex. 11, Job Postings.
[73] *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350-51 (5th Cir. 2005).
[74] JCP's Motion for Summary Judgment, Doc. 23 at p. 8.

employees over the age of fifty (50) years old, except one, were laid off.[75]  Moreover, every employee JCP laid off was over the age of forty (40) years old.

30.     Given that genuine issues of material fact exist as to each of Defendant's contentions, summary judgment is not proper and Defendant's Motion must be denied.

### D.  Defendant's proffered "legitimate non-discriminatory reason" is pretext

31.     To establish pretext a plaintiff merely needs to put forth evidence *tending to show* that the reason offered by Defendant is pretext for discrimination.[76]  In *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133 (2000), the Supreme Court clearly set forth a plaintiff's burden at the pretext stage when presenting circumstantial evidence.  *Reeves* holds that, "a plaintiff need not produce evidence of both pretext and actual discriminatory intent to create a fact issue on an ADEA claim."[77]  Instead, "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."[78]  "Evidence *demonstrating* the falsity of the employer's explanation, taken together with the *prima facie* case, is likely to support an inference of discrimination *without* further evidence of [the] defendant's true motive'"[79]

32.     In *Machinchick*, the Fifth Circuit held that "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."[80]  "Evidence *demonstrating* the falsity of the employer's explanation, taken together with the *prima facie* case, is likely to support an inference of discrimination *without* further evidence of [the] defendant's true

---

[75] *Id.*
[76] *Machinchick*, 398 F.3d 345, 350.
[77] *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133 (2000).
[78] *Machinchick*, 398 F.3d 345, 350-51.
[79] *Id.* at 351 (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).
[80] *Machinchick*, 398 F.3d 345, 350-51.

motive'"[81]   Similarly here, the Court may employ the same analysis to deny JCP's Motion for Summary Judgment.  As in *Machinchick*, McLeod's *prima facie* case, combined with the more than sufficient evidence that JCP's asserted justification is false can permit the trier of fact to conclude that the employer unlawfully discriminated."[82]

33.    JCP incorrectly states that in order to prevail on summary judgment McLeod must "show that JCP's decision to select her for the reduction-in-force and not retain her occurred, but-for her age."[83]   However, on summary judgment, McLeod need only show a disputed material fact, which would allow a reasonable jury to determine that age was the "but for" cause of the employment action at issue.  As the Frankel Court stated

> While a plaintiff must demonstrate "but for" causation at trial, the standard to defeat summary judgment is, by rule, less stringent. On summary judgment, it is only necessary for a non-movant to establish that there is a genuine material issue of fact in dispute for trial. Fed.R.Civ.P. 56(e). Thus, to defeat summary judgment on an ADEA claim after Gross, it appears that plaintiff needs to show a disputed material fact, which would allow a reasonable jury to determine that age was the "but for" cause of the employment action at issue.[84]

Thus, in order to prevail on summary judgment McLeod needs to demonstrate that there are *one or more material issues of fact in dispute* to show that age was the "but for" cause of her termination.[85]

34.    Contrary to JCP's assertions, McLeod is not asking this Court to second-guess its alleged business decisions.  Rather, McLeod asks that this Court see what JCP actually did and interpret that in a light most favorable to her as the plaintiff.  As addressed throughout this Response,

[81] *Id.* at 351 (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).
[82] *See Machinchick*, 398 F.3d 345, 350-51.
[83] Def's Mtn at p. 2.
[84] *Frankel v. Peake*, CIV. 07-3539(WJM), 2009 WL 3417448, *4 (D.N.J. Oct. 20, 2009).
[85] *See Id.*

JCP's stated purpose for the reorganization was to attract younger customers.[86] Thus, JCP cannot have its cake and eat it too by claiming that the age of its employees was not relevant to its goal of projecting a "younger, edgier feel." Accordingly, any assertion that age was not a factor JCP considered is disingenuous and false. Moreover, JCP took specific steps to force McLeod and other older employees out. And, contrary to JCP's self-serving assertions otherwise, McLeod has provided sufficient evidence to cast doubt on JCP's alleged age neutral motivation.

35.    JCP's claim that it terminated McLeod's employment because of her performance rather than her age is undermined by the fact that the alleged 2011 Performance Review was conducted after the decision was made to terminate her employment.[87] Additionally, while her previous reviews were conducted by Buckner, the Store Manager to which she reported directly, the alleged 2011 Performance Review was conducted by Perez, the Assistant Store Manager to which she did not directly report.[88] Ultimately, the pretextual nature of JCP's stated reason is beyond dispute when the circumstance around the review are considered in conjunction with JCP's stated purpose of reorganizing to attract younger customers and the fact that after the "reorganization" all employees outside of the age-based protected class remained employed by JCP while all of the employees over the age of fifty (50) years old, except one, were laid off.[89]

36.    Here, McLeod has established her *prima facie* case of age discrimination. And, JCP's assertions for its "business reasons" do not add up because McLeod's position's title changed but the duties remained. A jury will surely see this disparity in JCP's arguments and the actuality of its actions.

---

[86] Ex. 1, JCP's Company News Bulletin.
[87] Ex. 5, Deposition of Austin Lamont Buckner at 77-79, 90-91.
[88] *Id.* at 90-91.
[89] *Id.*

37.     Further undermining JCP's position is its claim that McLeod's employment was terminated because her alleged performance deficiencies prevented her from being considered for other positions or re-hire.[90]     Specifically, JCP claims that McLeod's employment was terminated and she was not offered the Merchandise Execution Manager or any other open position because she "was only delivering "basic" performance as the SET Execution Supervisor for Fiscal Year 2010."[91]     JCP's evidence is suspicious because the alleged performance evaluation it relies upon to establish this assertion was never presented to her in the ordinary course of business or otherwise.[92]     Moreover, the undelivered review was not conducted by Buckner, her supervisor who had conducted her prior reviews, who rated her performance positively.     Finally, the decision makers were not involved in the review and there is no indication the decision makers considered the review.[93]

38.     In short, McLeod, 54 at the time of her termination, was a member of a protected class based on her age.     She was qualified for the position she held, prior to termination (which JCP cannot dispute since it placed her in that position to begin with).     She was terminated.     And, she was qualified for a remaining position and a younger individual filled the position she previously occupied.     JCP's alleged reason for terminating McLeod was discriminatory on its face as it was a reorganization motivated by age-related rationales.     Thus, McLeod does not need to show this reason is false.     She merely needs to establish her prima facie case, which she has easily done, and put forth evidence which tends to demonstrate the falsity of JCP's "legitimate nondiscriminatory reason."     Accordingly, McLeod has met her burden to provide evidence that indicates JCP's proffered reason is false, which combined with the evidence of her prima facie

---

[90] *Id*. at 78-79.
[91] JCP's Motion for Summary Judgment, Doc. 23 at p. 17.
[92] Ex. 5, Deposition of Austin Lamont Buckner at 90-91.
[93] Ex. 5, Deposition of Austin Lamont Buckner at 88-89, 92.

case is sufficient to permit the trier of fact to conclude that the employer unlawfully discriminated" against her because of her age.

## IV. CONCLUSION

39.    JCP's Motion for Summary Judgment must be denied as to McLeod's claim for age discrimination.  It fails to meet its initial summary judgment burden under Rule 56 by failing to demonstrate it is entitled to judgment as a matter of law.  Ultimately, the issue is simple: does a fact question exist? Taking McLeod's evidence as true, she clearly meets her burden at this stage.  A jury will decide if in fact her position was eliminated and, if so, was there an open position for which she was qualified. Will a jury buy Defendant's Motion for Summary Judgment argument or will it believe all the above-listed evidence that supports Plaintiff was in fact discriminated against. Ironically, Defendant's own Motion creates genuine issues of material fact.

## V. PRAYER

40.    For these reasons, Plaintiff asks the Court to deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFF**



*/s/ Terrence B. Robinson*
Terrence B. Robinson
Texas Bar No.: 17112900
Southern District Bar No.: 14218
Kennard, Blankenship & Robinson, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)

(713) 742-0951 (facsimile)
Terrence.Robinsn@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF:**



Brian J. Levy
Texas SBN: 24067728
Southern District Bar  No.: 1109283
Kennard, Blankenship & Robinson, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Brian.Levy@kennardlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 27, 2013, a true and correct copy of this instrument was served on all counsel of record via the ECF filing system.

_____
Terrence B. Robinson